# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No.:   17-cv-1410

RACHEL KIERNAN

    Plaintiff,

v.

ALPINE CREDIT, INC.

    Defendant

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this District.

7. The Defendant is a Colorado corporation that conducts business in Colorado.

## PARTIES

8. Rachael Kiernan (hereinafter Plaintiff) is a natural person who resides in the State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Alpine Credit, Inc., a trade name used by Allegiant Receivables Solutions, Inc. (hereinafter Defendant) is a Colorado corporation operating from an address of 12191 W. 64th Avenue, Suite 210, Arvada, Colorado 80004 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. The Defendant is attempting to collect on a delinquent and charged off consumer credit account.

11. The debt that Defendant is attempting to collect is a debt as defined by 15 U.S.C. §1692a(5).

12. The Plaintiff disputes the debt that the Defendant is trying to collect on.

13. The Defendant is currently reporting to the Plaintiff's consumer credit report, specifically Equifax, that the Plaintiff is seriously "past due" on a collection account.

14. The Defendant's consumer credit reporting has diminished the credit score of the Plaintiff is creating difficulty in obtaining credit.

15. The Plaintiff has attempted numerous times to contact the Defendant, by registered mail, to request debt validation pursuant to 15 U.S.C. §1692g.

16. Each of the attempts to communicate with the Defendant has resulted in the mail sent by the Plaintiff being returned as "invalid address."

17. The Defendant operates as a collection agency, collecting against Colorado consumers despite that its license to operate as a collection agency in Colorado is cancelled.

18. The FDCPA was created in part to provide protection to valid, lawfully operating debt collectors from invalid, unlawfully operating debt collectors.

19. The Defendant defines the essence of an invalid and unlawfully operating debt collector by operating despite having a cancelled license.

20. Operating illegally, while trying to collect a debt from a consumer, violates 15 U.S.C. §1692f.

21. The Defendant has no idea why the Defendant is reporting this invalid debt on her credit report but it is the proximate cause of embarrassment, humiliation, anxiety and frustration.

22. The FDCPA prohibits a debt collector from attempting to collect a debt by using false, deceptive or misleading representations, 15 U.S.C. §1692e.

23.  The FDCPA prohibits a debt collector from attempting to collect any amount not authorized by an agreement that created the debt or a law allowing collection of a debt, see 15 U.S.C. §1692f(1).

24. The Plaintiff states that she owes no amount to the Defendant and that the Defendant is providing false information to a consumer credit reporting agency to attempt to collect an invalid debt.

25. The Plaintiff disputed, with Equifax, the information provided by the Defendant.

26. Equifax responded to the Plaintiff's dispute stating that the reporting creditor confirmed that the debt was still valid, implying that the Defendant was aware of the disputed debt and affirmed as valid the information supplied to Equifax.

27. The Defendant has violated 15 U.S.C. §1692e, §1692e(1), §1692e(10), §1692f, §1692f(1) among other sections of the FDCPA.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

30. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;
2. For statutory damages;

3. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

4. For pre-judgment interest to the extent permitted by law;

5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/Troy D. Krenning*
Troy D. Krenning, Esq.
**LAW OFFICE OF TROY D. KRENNING, LLC**
640 E. Eisenhower, Suite 200
Loveland, Colorado 80537
Phone: (970) 292-8290
Email: troy@krenninglaw.com
**Attorney for Plaintiff**