# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:  17-cv-1410-NYW

**RACHEL KIERNAN**

    **Plaintiff,**

v.

**ALPINE CREDIT, INC.,**

    **Defendant**

---

## ~~PROPOSED~~ SCHEDULING ORDER

---

### 1. DATE OF
### CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE
### PARTIES

The scheduling conference took place on July 26, at 10:30 AM. before Magistrate Judge Wang.  The parties are represented by*:*

| | |
|---|---|
| For the Plaintiff: | Troy D. Krenning |
| | Law Office of Troy D. Krenning, LLC. |
| | 640 E. Eisenhower Blvd. Suite 200 |
| | Loveland, CO 80537 |
| | (970) 292-8290 |
| | (303) 583-8325 |
| | troy@krenninglaw.com |
| | |
| For the Defendant: | Alan Greenberg |
| | Greenberg & Sada, P.C. |
| | 770 W. Hampden Ave., Suite 227 |

Englewood, CO 80110<br>
(303) 781-3529<br>
alan@greenberglegal.com

## 2. STATEMENT OF JURISDICTION

Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## 3. STATEMENT OF CLAIMS AND DEFENSES

*Plaintiff(s)*:   Plaintiff claims that the Defendant violated the FDCPA 15 U.S.C. § 1692 based on the following:

The Defendant is reporting an alleged debt to the Plaintiff's credit report. The Plaintiff disputes the debt that the Defendant is reporting to the credit reporting agency Equifax and has attempted numerous times to contact the Defendant to request validation of the debt. The Plaintiff sent certified mail to the address for the Defendant only to have it returned marked "invalid address". In addition, the Plaintiff has disputed the debt directly with Equifax who has responded that the Defendant has confirmed that the debt is valid.

The Defendant's license to operate in the State of Colorado has been cancelled. The FDCPA prohibits a debt collector from operating illegally, while trying to collect a debt from a consumer and therefore violates 15 U.S.C §1692f(1).

*Defendant(s)*:   Defendant denies any violation of FDCPA, asserts that any violation present was not intentional and resulted from a bona fide error within the meaning of FDCPA's 15 USC 1692(k)(c). Defendant asserts that it has a proper collection agency license under Colorado law.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").
2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).
3. Venue is proper in this District.
4. The acts and transactions occurred in this District.
5. The Plaintiff resides in this District.
6. The Defendant transacts business in this District.
7. The Defendant is a Colorado corporation that conducts business in Colorado.
8. Rachael Kiernan (hereinafter Plaintiff) is a natural person who resides in the State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
9. Alpine Credit, Inc., a trade name used by Allegiant Receivables Solutions, Inc. (hereinafter Defendant) is a Colorado corporation operating from an address of 12191 W. 64th Avenue, Suite 210, Arvada, Colorado 80004 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).
10. The debt that Defendant is attempting to collect is a debt as defined by 15 U.S.C. §1692a(5).

## 5. COMPUTATION OF DAMAGES

**Plaintiff:**   The Plaintiff seeks the maximum statutory damages provided for under the FDCPA as well as reasonable attorney's fees and costs.  The FDCPA is a strict liability statute and thus if the Plaintiff prevails on any one or more of her claims, the Court shall be allowed to

determine the amount of Plaintiff's statutory damages from $0.00 to $1,000.00.

**Defendant:**   Defendant seeks no damages but may be entitled to attorney fees for the defense of this action pursuant to 15 USC 1692k.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of rule 26(f) meeting: July 26, 2017 and dates thereafter.

b. Names of each participant and party he/she represented: Troy D. Krenning for the Plaintiff.  Alan Greenberg for the Defendant.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made: ~~On or before~~ Plaintiff made Initial Disclosures on July 24, 2017 and tendered documents.  Defendant will propound its Initial Disclosures and tender documents on or before August 4, 2017.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):  ~~None.~~  **See above.**

e. Statement concerning any agreements to conduct informal discovery: **None**

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

   **The Parties have no agreement at this time.**

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**The Parties do not expect extensive electronically stored information or substantial amounts of discovery material.**

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

**The parties have discussed resolving the case.**

## 7. CONSENT

All parties **HAVE** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**The Parties will agree to limit Each party may serve up to 15 interrogatories to 15 per side. Each side may take up to two (2) depositions, including experts.**

b. Limitations which any party proposes on the length of depositions.

**Parties stipulate to limit tThe length of deposition is limited to one day of five (5) hours.**

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

**The Parties will agree to limit rRequest for admissions and requests for production of documents are each limited to 15 per side.**

d. Other Planning or Discovery Orders. **None**

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

**September 8, 2017**

    b.    Discovery Cut-off:  **December 26, 2017**

    c.    Dispositive Motion Deadline: **~~March 26~~ February 28, 2018**

    d.  Expert Witness Disclosure: **Neither side anticipates expert testimony.**

        1.    The parties shall identify anticipated fields of expert testimony, if any.

        2.    Limitations which the parties propose on the use or number of expert witnesses.  **~~The parties stipulate to one deposition per side.~~**

        3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **~~November 27, 2017.~~**

        4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **~~December 26, 2017.~~**

    e.    Identification of Persons to Be Deposed:

        a.    The Plaintiff will depose, at a minimum, a representative of the Defendant.

\*The parties anticipate scheduling depositions **September 25, 2017**, subject to counsel and witness availability.  The parties reserve the right to take additional depositions of persons identified in the parties' disclosures and through the course of discovery.

    f.    Deadline for Interrogatories:  The parties shall serve their final interrogatories to the opposing party no later than: **~~November 21, 2017.~~** <u>Forty-five (45) days prior to discovery deadline.</u>

    g.    Deadline for Requests for Production of Documents and/or Admissions: The

parties shall serve their final Request for Production of Documents to the opposing party no later than ~~November 21, 2017.~~ <u>Forty-five (45) days prior to discovery deadline.</u>

### 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

                                                                              .

. A final pretrial conference will be held in this case on <u>April 17, 2018</u> at <u>11:00</u> o'clock <u>a</u>.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. **None**

b. Anticipated length of trial and whether trial is to the court or jury. **Two-day Jury Trial**

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado. **None.**

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

There will no amendments to the scheduling order without written approval of the Court.

DATED at Denver, Colorado, this 26th day of July, 2017.

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/Troy D. Krenning* | */s/Alan Greenberg* |
| Troy D. Krenning | Alan Greenberg |
| Law Office of Troy D. Krenning LLC. | Greenberg & Sada, PC |
| 640 E. Eisenhower Blvd. Suite 200 | 770 W. Hampden Avenue, Ste. 227 |
| Loveland, CO 80537 | Englewood, CO 80110 |
| (970) 292-8290 | (303) 781-3529 |
| Attorney for Plaintiff | Attorney for Defendant |