### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| **RACHEL KIERNAN** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | **17-cv-1410-NYW** |
| v. | ) | |
| | ) | |
| **ALPINE CREDIT, INC.** | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

---

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

COMES NOW THE DEFENDANT, by and through the undersigned, and here, pursuant to FRCP 56, moves for summary judgment on the claims of the Plaintiff, submitting the following in support whereof:

### I.      STATEMENT OF THE CASE

Plaintiff alleges in her Complaint that the Defendant, admittedly a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA") at 15 USC § 1692 *et seq.*, violated the Act.  This it is alleged to have done by 1) failing to report to credit reporting agencies to which it subscribes that a debt is disputed and 2) by failing to maintain the requisite Colorado licensure.  Disclosures and discovery reveal no issue for trial on either theory.

Specifically, with regard to the first claim, the Complaint alleges that the Plaintiff attempted to communicate with the Defendant, by registered mail, to request debt validation pursuant to 15 U.S.C. §1692g.  She alleges that the attempts to communicate with the Defendant resulted in her letters being returned as "invalid address."(Complaint at paragraphs 15 and 16). Further, it is alleged that the Plaintiff disputed the account with Equifax, a credit reporting

agency, and was told, in response, that the Defendant affirmed the debt as valid.  (Complaint at

paragraphs 25, 26).  No other allegation is made as to a violation with regard to credit reporting.

On the second claim, it is alleged that the "Defendant operates as a collection agency,

collecting against Colorado consumers despite that its license to operate as a collection agency in

Colorado is cancelled." (Complaint at paragraph 17).

Defendant, in its Answer, denied any violation of FDCPA.

Discovery in the matter is closed; the parties have made their disclosures under FRCP

26(a)(1).  No credit report has been disclosed (Exhibit 1), no letter returned undeliverable has

been disclosed, _Id._, and, significantly, Defendant has tendered a copy of its Colorado collection

agency license (Exhibits 2, 3).

## SUMMARY OF THE ARGUMENT

Defendant Alpine Credit is entitled to summary judgment in its favor for the reason that

the only proof adduced shows no violation.  The Affidavit shows that mail is regularly received by

Alpine at the address shown, and that the initial inquiry from a credit reporting agency was only

that the Plaintiff did not recognize the debt.  No credit report or return mail has been disclosed.

There is complete and reliable evidence that, at all material times, both the Plaintiff and its

predecessor were licensed to conduct the business of a collection agency in Colorado.

Summarily, there is no evidence available on which the finder may base a finding against

the Defendant of any violation of law.

## STATEMENT OF UNDISPUTED FACTS

The material facts in this case are not in dispute and are presented here in the light most

favorable to the Plaintiff.  The supporting Affidavit  of Scott Allely, Defendant's manager, is

attached, as are the collection notes maintained by Defendant (Exhibit 4).

The Plaintiff incurred financial obligations with the original creditors, Radiology Imaging Associates, Inc. and Medical Imaging of Colorado, on various dates from 2012 through 2014, which were placed with defendant's predecessor for collection (Allely Affidavit, Complaint). For each of the four accounts, defendant's predecessor sent a complying validation notice (Allely Affidavit, February 26, 2017 Response). The agency moved in March, 2013 and was purchased by the Defendant effective December 31, 2015. The current owner, the Defendant, Allegiant Receivables Solutions, Inc., d/b/a Alpine Credit now holds the license. All of the subject claims of the Plaintiff were re-solicited by the new owner within the time period provided for so doing by Colorado law (Allely Affidavit, Administrator Listings (Exhibit 5), Secretary of State printout, Exhibit 6)).

On January 23, 2016, the agency received a consumer reporting inquiry called a "CDV" from Equifax on the Medical Imaging of Colorado account, wherein the Plaintiff stated that the account was not hers; the agency responded with the information it had showing the identity of its subject was the same as that of the person making the inquiry. The agency updated its report on this account to all credit bureaus as being disputed by the consumer. On January 24, 2017, the agency received another such inquiry, again from Equifax, on the Radiology Imaging Associates account from 2013, to the effect that the Plaintiff did not recognize the account; the agency responded with the information it had showing the identity of its subject was the same as that of the person making the inquiry. The agency updated its report on this account to all credit bureaus as being disputed by the consumer. On February 17, 2017, the agency received yet another "CDV" from Equifax on both the Medical Imaging of Colorado and Radiology Imaging Associates account from 2013, this time alleging identity fraud. The agency again investigated and verified the accuracy of the information and reported both accounts as being disputed by the

consumer (Allely Affidavit). On February 26, 2017, the agency received a complaint from the

Plaintiff to the Administrator of the Colorado Fair Debt Collection Practices Act (Exhibit 7). The

issue was that the Plaintiff was unable to communicate with the Defendant at the addresses she'd

received from the credit reporting agencies. The Defendant kept the file as disputed, responded to

the inquiry (Exhibit 8) and mailed to the Plaintiff, at the address provided in her complaint, a copy

of all available validation of debt documentation on each of the four assigned accounts. The

Administrator's staff, upon a review of all documentation, took no action (Exhibit 9). This lawsuit

followed.

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c) Fed. R. Civ. P., summary judgment is proper if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986). The Court should view the factual record and reasonable inferences

therefrom in the light most favorable to the nonmoving party. *Udell v. Kansas Counselors, Inc.*, 313

F. Supp. 2d 1135, 1138 (D. Kan. 2004); *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th

Cir.), cert.denied, 537 U.S. 816, 123 S.Ct. 84, 154 L.Ed.2d 20 (2002).

A fact is "material" if, under the applicable substantive law, it is "essential to the proper

disposition of the claim." *Udell*, 313 F. Supp. 2d at 1138-39; *Wright ex rel. Trust Co. v. Abbott Labs.,

Inc.*, 259 F.3d 1226, 1231–32 (10th Cir.2001) (citing *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670

(10th Cir.1998)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that

a rational trier of fact could resolve the issue either way." *Udell*, 313 F. Supp. 2d at 1138; *Adler*, 144

F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Udell*, 313 F. Supp. 2d at 1138; *Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). To meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the nonmoving party's claim, but need simply point out to the court a lack of evidence for the nonmoving party on an essential element of that party's claim. *Udell*, 313 F. Supp. 2d at 1138; *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir.2000) (citing *Adler*, 144 F.3d at 671).

In order to defeat a motion for summary judgment, there must be sufficient evidence so that a jury could reasonably find in favor of the nonmoving party. *See Farmers Alliance Mut. Ins. Co. v. Cutrone*, 448 F. Supp. 2d 1226, 1228-29 (D. Colo. 2006); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995), cert. denied, 516 U.S. 1160, 116 S.Ct. 1045, 134 L.Ed.2d 192 (1996); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient; there must be evidence on which the jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

<u>ARGUMENT</u>

**A. THERE IS NO EVIDENCE SHOWING THAT DEFENDANT FAILED TIMELY TO REPORT THE MATTER AS DISPUTED.**

A violation of FDCPA §1692e(8) occurs only when the dispute is already known by the debt collector when the initial, or subsequent, report is made. *Hylkema v. Associated Credit Serv. Inc.*, 2012 WL 13681 (W.D. Wash. Jan. 4, 2012), *Leapai v. Collection Bureau of America Ltd.*, C16-0766-

JCC, USDC, W.D. Washington, Seattle (September 22, 2016).  The Court in *Hylkema* cited *Wilhelm v. Credico, Inc.,* 519 F.3d 416, 418 (8th Cir. 2008):

> "In [Wilhelm] the Eighth Circuit found no affirmative duty to report the fact that a consumer disputed a debt absent a communication in which that fact should have been reported. Instead, "if a debt collector elects to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt." Id. The Court noted Federal Trade Commission (FTC) Staff Commentary to the FDCPA confirming its conclusion:
>
> 1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer . . . and reports it to a credit bureau, he must report it as disputed.
>
> 2. Post-report dispute. When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported."

*Id.*, at 418.

Here, there is no showing of a report made by the Defendant after the dispute was received, much less a showing of such a report omitting the fact of the dispute.  Plaintiff has disclosed no credit report, much less an erroneous one (Exhibit 1).  The notes (Exhibit 4) and the Allely affidavit show that once the agency was on notice that the accounts were disputed, even omitting any more specifics, it promptly changed its credit reporting "flag" to "disputed," in February, 2017, on receipt of the complaint to the Administrator. *Id*. No proof of the inefficacy of this plainly compliant response has been tendered.

**B.  THERE IS NO EVIDENCE OF DEFENDANT'S OPERATING WITHOUT A COLLECTION AGENCY LICENSE.**

The affidavit of Scott Allely, attached, sets forth the key elements here. The Defendant, Allegiant Receivables Solutions, Inc., d/b/a Alpine Credit, is the purchaser of the former Alpine Credit resulting from a sale effective December 31, 2015. The Plaintiff's license dates back to May, 2015 (Exhibit 5), and that the former Alpine Credit's license terminated Jan 4, 2016. *Id*. Alpine Credit, Inc. dissolved in 2016 (Exhibit 6). Allegiant d/b/a Alpine has tendered a copy of its license with its initial disclosures (Exhibits 2, 3) and that license shows the Plaintiff, and the public, that Alpine is now a tradename of Allegiant (Exhibit 6). Plaintiff could have searched either the public records of the Secretary of State, or of the Collection Agency Administrator; either would have exploded the theory that the agency is or was not licensed at all material times.

It is required that a collection agency buying another must re-solicit the purchased agency's accounts, or else surrender them to the creditors, under Rules of the Administrator Rule 1.05(4) (4 CCR 903(1) (1.05)(4):

> *(4) This rule does not prohibit the bulk sale of the licensee's business, assets, and goodwill as a unit, including the provision of information to enable the purchaser to solicit reassignment of client accounts directly from the client after termination of a license. A licensee may not purchase the right to collect client accounts from another licensee but only the right to solicit their reassignment from the client.*

The Affidavit of Scott Allely clearly establishes that the subject accounts were re-solicited by the Plaintiff after the purchase of Alpine and well before the termination of the license of the former Alpine Credit.

## CONCLUSION

The Plaintiff has no evidence showing that the allegations she's made are based in fact. With a full and fair opportunity to prove up some violation of FDCPA, Plaintiff has tendered no evidence upon which the Court may find one. No credit report has been tendered, much less one

showing any erroneous matter; the Defendant has proved up its licensure and  the propriety of its

actions with regard to the subject accounts.  The matter should be dismissed.

RESPECTFULLY SUBMITTED THIS February 27, 2018

GREENBERG & SADA, PC
*/s/ Alan Greenberg*
Alan Greenberg, Esq
770 W Hampden Ave 227
Englewood CO  80110
(303) 781-3529
alan@greenberglegal.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion and Exhibits was efiled this day, February 28, 2018, in the PACER ECF system with service thereunder to:

Troy D. Krenning, Esq.
LAW OFFICE OF TROY D. KRENNING, LLC
640 E. Eisenhower, Suite 200
Loveland, Colorado 80537
Phone: (970) 292-8290
Email: troy@krenninglaw.com
Attorney for Plaintiff


*/s/ Alan Greenberg*