UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.: 17-cv-01410-NYW

RACHEL KIERNAN,

    Plaintiff,

v.

ALPINE CREDIT, INC.,

    Defendant

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    Plaintiff, Rachel Kiernan, by and through her attorney, Troy D. Krenning and the Law Office of Troy D. Krenning, LLC, responds to the Defendant's Motion for Summary Judgment.

    The Plaintiff has alleged numerous violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq,* specifically that the Defendant is operating illegally pursuant to a cancelled license in violation of 15 U.S.C. §1692f, ¶20 Complaint; the Defendant is attempting to collect a debt using false, misleading or deceptive information in violation of 15 U.S.C. §1692e, ¶22 Complaint; that the Defendant is attempting to collect any amount not authorized by agreement or permitted by law in violation of 15 U.S.C. §1692f(1), ¶23 Complaint.

    The Plaintiff has addressed the issue of the cancelled license and the issue of reporting as "disputed" the debt that the Defendant is currently and actively reporting on

the Plaintiff's Equifax consumer credit report.  The Defendant in it's motion for summary judgment did not address the allegation that it is trying to collect an amount greater than that which is authorized by law or by agreement.

Regarding the issue of "disputed" being supplied by the Defendant to Equifax, the Plaintiff verifies that currently this information is being reported by the Defendant. This issue may now be moot and no longer part of the Plaintiff's claims against the Defendant.

Regarding the issue of attempting to collect a debt using false, deceptive or misleading information, the Defendant continues to report on the Plaintiff's Equifax consumer credit report false, deceptive or misleading information.  Attached to this Response is exhibit 1, a copy of the Plaintiff's Equifax consumer credit report dated March 20, 2018 (redacted).  The Court can see that the Defendant is still indicating that the alleged debt is still be reported by Alpine Credit, Inc. with an address of 2009 Wadsworth Blvd Ste 205, Lakewood, CO 80215.

The parties do not seem to have a disagreement that Alpine Credit, Inc. at the address of 2009 Wadsworth Blvd., Ste. 205, Lakewood, CO 80215 is not a real entity. In the Defendant's motion, exhibit 3 (license), exhibit 5 (listing of licensed collection agencies), exhibit 6 (Secretary of State prints), and exhibit 10, ¶7 (Allely affidavit) all confirm the Plaintiff's allegations.  The mentioned exhibits all indicate that Alpine Credit, which is a trade name of Allegiant Receivables Solutions, Inc operates from 12191 W. 64th Avenue, Suite 210, Arvada, Colorado 80004.

Whether the Defendant is violating 15 U.S.C. §1692f using false, deceptive or misleading information is disputed and a question of fact.  The Defendant debt collector

can not claim that it operates from an address in Lakewood and an address in Arvada. One of the addresses of the Defendant must be false, and since the affidavit of Mr. Allely is subscribed and sworn to, it must be believed that the Lakewood address is indeed correct.

Thus, why does the Defendant continue to report a false, deceptive and misleading address on a consumer's credit report?  Plaintiff's **exhibit 1,** attached to this response, speaks for itself.  As of February 2018, the Defendant continues to report the alleged debts and using the false, deceptive or misleading Lakewood address.

The purpose behind requiring a furnisher of information (address and telephone contact) to a consumer credit report is to allow a consumer to directly contact the furnisher of information to dispute or resolve the alleged debt.  In this case the Plaintiff has stated in her complaint that she attempted numerous times to send mail to the Defendant to dispute the debt and that the mail was returned as undeliverable.

Taking the Defendant's motion and exhibits as true, it is not disputable that the Plaintiff's mail would be (and was) returned.  Not only was the Plaintiff sending correspondence to the wrong address, she was sending it to the wrong city.  This is undisputed as evidenced by Defendant's **exhibit 7** (pg. 3 of 4) offered by the Defendant where a copy of the certified mail receipt was supplied to the State of Colorado in the Plaintiff's administrative complaint.

Why the Defendant continues to publish false, deceptive and misleading information (incorrect address and name of actual debt collector) on the Plaintiff's consumer credit report is a material fact that must be determined by the trier of fact.

The last issue, and the one not addressed by the Defendant is its motion, is the issue of the Defendant attempting to collect any amount that is not authorized by an agreement or statute.  15 U.S.C. §1692f(1) prohibits a debt collector from attempting to collect any amount of money from a consumer that is not part of the underlying agreement that creates the alleged debt or that is authorized by law.  The Defendant, in its motion and specifically exhibit 4, admit that they are violating 15 U.S.C. §1692f(1) by seeking "interest" on the accounts they claim owed by the Plaintiff.  Defendant's exhibit 4, pgs 3,4,5, and 6, document that the Defendant is attempting to collect an amount classified as "interest" on the four (4) medical debt accounts it is pursuing the Plaintiff for.  There is no written agreement that has been supplied by the Defendant pursuant to F.R.C.P. 26 or tendered as an exhibit to the pending motion that demonstrates any authorization to collect "interest" on an alleged defaulted medical debt.  There is no legal or statutory authority proved by the Defendant in its F.R.C.P. 26 disclosures or tendered as an exhibit to the pending motion that would support any legal basis to seek "interest" from the Plaintiff on the four apparent open accounts.

Absent an agreement, as is the case here, the debt collector *may* be entitled to statutory interest pursuant to **5-12-102, C.R.S.**  However, any interest that the Defendant *may* be entitled to as a matter of law is determined underlined post-judgment on a debt.  The Defendant has not obtained a judgment and is therefore not entitled to seek "interest" on the unadjudicated accounts.

The Plaintiff properly plead and alleged this misconduct of the Defendant in seeking more than it was entitled to in ¶23 of her Complaint.  As stated, this particular

allegation is not addressed in the Defendant's motion and thus for that reason alone, the motion should be denied by the Court.

The Standard for Summary Judgment is well stated in the Defendant's motion and does not need to be restated in this response. All reasonable inferences are to be viewed in favor of the non-moving party and the moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.

By accepting the Defendant's motion and attached exhibits as true, the Court can discern that a reasonable inference can be drawn that the Defendant has violated the FDCPA, simply by attempting to collect interest with any supporting agreement or legal authority. This one issue, of itself, is sufficient for the Court to deny the Defendant's Motion for Summary Judgment and that is the respectful request of the Plaintiff.

Dated this 21st day of March 2018.

                                          Respectfully Submitted,

                                          ***/s/Troy D. Krenning***
                                          Troy D. Krenning, Esq.
                                          Law Office of Troy D. Krenning, LLC.
                                          640 E. Eisenhower Blvd. Suite 200
                                          Loveland, Colorado 80537
                                          (970) 292-8290
                                          Email: troydklaw@msn.com
                                          **Attorney for Plaintiff**

## **Certificate of Service**

   I hereby certify that on March 21, 2018, I provided the Plaintiff's Response to Defendant's Motions for Summary Judgment to counsel via e-mail:

  Alan@greenberglegal.com
  Alan Greenberg
  Greenberg & Sada, PC
  770 Hampden Ave., Ste 227
  Englewood, CO 80110

              ***/s/Mandy Jones***
              Paralegal