**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Civil Action No.: 17-CV-01410-NYW

RACHEL KIERNAN,

    Plaintiff,

v.

ALPINE CREDIT, INC,

    Defendant.

---

**FINAL PRETRIAL ORDER**

---

**1. DATE AND APPEARANCES**

The Final Pretrial Conference took place on April 17, 2017 at 11:00 a.m. before Magistrate Judge Wang.

The parties are represented by:

    For the Plaintiff:    Troy D. Krenning
                                Law Office of Troy D. Krenning, LLC.
                                640 E. Eisenhower Blvd. Suite 200
                                Loveland, CO 80537
                                (970) 292-8290
                                (303) 583-8325
                                troy@krenninglaw.com

    For the Defendant:    Alan Greenberg
                                    Greenberg & Sada, P.C.
                                    770 W. Hampden Ave., Suite 227
                                    Englewood, CO 80110
                                    (303) 781-3529
                                    alan@greenberglegal.com

## 2. JURISDICTION

Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## 3. CLAIMS AND DEFENSES

**Plaintiff:** The Plaintiff alleges that the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 based on the following:

1. The Defendant has violated 15 U.S.C. 1692e by using false, misleading or deceptive means or representations in connection with collecting a debt. Specifically, the Defendant has reported and continues to report on the Plaintiff's Equifax credit report that the debt at the issue of this case is being collected by Alpine Credit, Inc., located at 2009 Wadsworth, Blvd., Suite 205 Lakewood, Colorado.
   The Plaintiff asserts that there is no real entity of Alpine Credit, Inc. located at the Wadsworth address and that this information is false, deceptive or otherwise misleading.

2. The Defendant has violated 15 U.S.C. 1692f(1) by trying to collect more from the Plaintiff than is allowed by law or the underlying agreement which created the debt. Specifically, the Defendant is trying to collect interest on the debt that the Defendant claims it has been assigned to collect. The FDCPA prohibits a debt collector from collecting or attempting to collect any amount that is not authorized by a valid agreement or which is allowed by law.
   The Defendant does not have any written agreement that supports their

attempt to collect interest and does not have any statutory authority to collect interest on a defaulted medical debt.

3. The Plaintiff will testify that in addition to statutory damages that she can recover, she has suffered actual damages in the form of mental distress, anger, humiliation, anxiety and depression.

**Defendant:**

1. Defendant does not agree that theories listed above were pled; Defendant alleges that the only theories pled were that the Defendant was not licensed in Colorado, and that it violated FDCPA by reporting the subject account as owing.

2. Defendant further alleges that no exhibits or specific testimony have been disclosed by the Plaintiff with regard to the theories actually pled, and that the one document now put forth by Plaintiff cannot be used.

3. Defendant denies any violation of the FDCPA and asserts the affirmative defense of *bona fide* error.

### 4. STIPULATIONS

In addition to the undisputed facts already stipulated to in the Scheduling Order adapted by the Court, the parties stipulate that:

1. The Defendant is a debt collector as defined by 15 U.S.C. 1692a(6);
2. The debt in this case is a debt as defined by 15 U.S.C. 1692a(5);
3. The Defendant is attempting to collect four different debts, all medical, from the Plaintiff;
4. The debts being collected by the Defendant involve three debts

assigned from Radiology Imaging Associates and one from Medical Imaging of Colorado;

5. The amount of the debts being collected are $26.00, $121.01, $42.80 and $150.00.

## 5. PENDING MOTIONS

The Defendant has filed a motion for summary judgement which is fully briefed and pending. No other motions are pending.

## 6. WITNESSES

a. List the nonexpert witnesses to be called by each party. List separately:

Plaintiff <u>will</u> call:

1. Ms. Rachel Kiernan, 132 Wagon Tongue Road, Bailey, Colorado (720) 432-2287. Ms. Kiernan will testify to the harm that she has been caused by the actions of the Defendant and issues related to her damages associated with the false information that appears on her credit report.

2. Mr. Scott Allely, CEO of Alpine Credit, Inc., 12191 W. 64th Avenue, Suite 210, Arvada, Colorado. Mr. Allely will be called to testify concerning collection efforts of the Defendant, including reporting the debts in this case to Equifax. Mr. Allely will also be called to testify concerning the collection notes that have been disclosed and all efforts by the Defendant to collect the alleged debts owed by the Plaintiff.

Plaintiff <u>may</u> call:

3. Any witnesses that are endorsed or called by the Defendant.

4. Any witness, if necessary, for foundation purposes concerning the Equifax report.

Defendant will call:

1. Mr. Scott Allely, CEO of Alpine Credit, Inc., 12191 W. 64th Avenue, Suite 210, Arvada, Colorado. Mr. Allely will be called to testify concerning collection efforts of the Defendant, including reporting the debts in this case to Equifax. Mr. Allely will also be called to testify concerning the collection notes that have been disclosed and all efforts by the Defendant to collect the alleged debts owed by the Plaintiff.

Defendant may call:

2. Tom Romola, former owner of Alpine, for rebuttal of any issues involving steps taken when the agency moved to its present location.
3. Rachel Kiernan, Plaintiff, as to all issues.
4. Any witness endorsed by any other party, or needed for impeachment, rebuttal, or for foundation for any exhibit.

## Experts

5. No experts will testify.

## Deposition Testimony

6. No testimony will be presented through deposition testimony.

## 7. EXHIBITS

(1) Plaintiff:

Trial Exhibit A - Copy of Plaintiff's Equifax Credit Report.

Trial Exhibit B - Copies of Defendant's collection notes and account notes.

(2) Defendant:

Trial Exhibit 1:  Collection notes

Trial Exhibit 2:  Collection agency license

Trial Exhibit 3:  Listing of licensed collection agencies

Trial Exhibit 4:  Secretary of State printout

Trial Exhibit 5:  Complaint to Administrator by Plaintiff

Trial Exhibit 6:  Response to Administrator complaint

Trial Exhibit 7:  Administrator no action response.

b. Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P.26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

There are no special issues in this case.

## 10.  SETTLEMENT

a. Counsel for the parties and any *pro se* party met by telephone and in person at various times since this case was at issue, including a telephone conference on April 10, 2018 to discuss in good faith the settlement of the case*.*

b. The participants in the settlement conference included counsel.

c. The parties were promptly informed of all offers of settlement.

d. Counsel for the parties and any *pro se* party do not intend to hold future

settlement conferences.

e.   It appears from the discussion by all counsel and any *pro se* party that there is some possibility of settlement.

f.   Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1.   This case will be a jury trial.

2.   It is estimated that this case will take two days.

3.   The trial will take place at the Byron G. Rogers United States Courthouse in Denver, Colorado Courtroom C204.

4.   The parties have stipulated to the jurisdiction of the Honorable United States Magistrate Judge Nina Y. Wang.

DATED this _____ day of _____, 20_____.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:

| */s/Troy D. Krenning* | */s/Alan Greenberg* |
|---|---|
| Troy D. Krenning | Alan Greenberg |
| Law Office of Troy D. Krenning LLC. | Greenberg & Sada, PC |
| 640 E. Eisenhower Blvd. Suite 200 | 770 W. Hampden Avenue, Ste. 227 |
| Loveland, CO 80537 | Englewood, CO 80110 |
| (970) 292-8290 | (303) 781-3529 |
| Attorney for Plaintiff | Attorney for Defendant |