IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01410-NYW

RACHEL KIERNAN,

    Plaintiff,

v.

ALPINE CREDIT, INC.,

    Defendant.
_____

**TRIAL PREPARATION ORDER**
_____

Magistrate Judge Nina Y. Wang

    This civil action has been set for a two-day jury trial before this court to commence on **Monday, September 24, 2018**. **Counsel for Parties should be available to the court at 8:30 a.m. to address any last minute matters. All counsel who will try the case must be present for the 8:30 a.m. conference.** In addition to the deadlines and instructions set forth in the Final Pretrial Order [#26], dated April 17, 2018, the following procedures will govern.

    1.    <u>Final Trial Preparation Conference.</u>  This matter has been scheduled for a Trial Preparation Conference on **September 18, 2018 at 10:30 a.m**. Any disputes with respect to the proposed exhibit lists, witness lists, *voir dire*, or opening jury instructions will be discussed at the Trial Preparation Conference, including any pending motions in limine/motions to strike.

    2.    <u>Jury Instructions/Verdict Forms.</u>  Proposed jury instructions and verdict form are due no later than **September 4, 2018**. Each of the proposed jury instructions must:

        (a)    be submitted on a separate page;

        (b)    be numbered;

(c)   identify the source of the instruction and any supporting authority.

The Parties must use their best efforts to stipulate to jury instructions. To the extent there are disputes with respect to proposed jury instructions, each Party shall submit his/its proposed jury instruction, and the Parties jointly will submit a single redlined jury instruction in which they delineate the language they respectively propose.

The Parties shall file joint proposed jury instructions, any disputed proposed jury instructions, and proposed verdict forms (in separate filings) via CM/ECF, and shall additionally submit these documents directly to the court (in Microsoft Word format) at Wang_Chambers@cod.uscourts.gov.

3.   Proposed Witness/Exhibit Lists. Proposed witness and exhibit lists are due to the court no later than **September 4, 2018**. Please follow the format attached to this Order for these lists. Please note that the cumulative estimated times for trial witnesses should not exceed the total time allotted for a Party to present its case.

Exhibits will be labeled in numeric order, with no designation as to whether it is "Plaintiff's Exhibit" or "Defendant's Exhibit." The Parties must stipulate to the authenticity and admissibility of as many exhibits as possible, marking the appropriate box on the proposed exhibit list. The Parties' stipulation as to the admissibility of a document does not guarantee its admissibility; each document the Parties intend to submit to the jury must be offered to and accepted by the court.

4.   Deposition testimony. If the Parties anticipate the use of deposition testimony at trial, the Party offering such testimony will designate it and indicate whether the testimony will be read or presented from a video recording no later than **August 14, 2018**. The Parties shall make any counter-designations no later than **August 21, 2018**. The Parties should be prepared to

discuss any anticipated objections at the Trial Preparation Conference. After a good faith meet and confer process, the Parties shall identify any remaining objections by page and line citation, and provide an explanation for each objection and any relevant case law no later than **September 4, 2018**. Transcripts submitted to the court should have Plaintiff's designations in yellow highlight and Defendant's designations in blue highlight.

      5.    *Voir Dire*. No later than **September 4, 2018**, the Parties shall submit their proposed *voir dire* questions. The court will permit no more than fifteen minutes per side for *voir dire* after the court's *voir dire*.

      6.    Technology. No later than **September 4, 2018**, the Parties must identify the technology needed for the trial and jointly contact the courtroom deputy, Brandy Wilkins, to determine whether the court can accommodate the request. Ms. Wilkins may be reached at 303.335.2601. All technology set-up and take-down must occur outside the hours set for trial.

      7.    Exhibit notebooks. No later than **September 18, 2018**, the Parties shall jointly provide to Ms. Wilkins one copy of all exhibits in a notebook format. The notebook should be labeled with the following information: (a) caption; (b) scheduled commencement date and time; and (c) designation of "witness" or "court." The Parties shall separate all documents by numbered tabs and reproduce each exhibit in the manner in which it will be shown to the witness and jury, *e.g.*, colored exhibits should appear in color in the notebooks. Multi-page exhibits should include internal numbering for ease of the witness and the court. All stipulated exhibits will be sequentially numbered, without any attribution to Plaintiff or Defendant. The Parties shall place exhibits to which they have not stipulated in the back of the notebook, clearly labeled as Plaintiff's exhibits or Defendant's exhibits.

8.     <u>Motions in Limine.</u>  The court will permit one (1) omnibus motion in limine of not more than fifteen (15) pages.  Motions in Limine should be filed no later than **August 14, 2018**, with responses due no later than **September 4, 2018**.

9.     <u>Trial briefs.</u>  The court will permit, but does not require, trial briefs limited to fifteen (15) pages.  The trial brief should not be used to repeat any arguments made in a motion in limine.  The Parties shall submit trial briefs, if at all, to the court via CM/ECF no later than **September 4, 2018**.

10.    <u>Trial days.</u>  Trial will begin at 9:00 a.m. and conclude no later than 4:00 p.m., with a fifteen-minute break in the morning, an hour lunch, and a fifteen-minute break in the afternoon.  Given the two-day jury trial schedule, each party is permitted approximately 5 hours of trial time, including opening statements and closing arguments.  The court generally limits opening statements to 30 minutes or less.

Counsel shall be available to the court no later than 8:30 a.m. each morning so that the Parties may discuss matters that cannot be resolved in front of the jury.  The Parties should have witnesses queued for testimony so as to avoid delay between testifying witnesses.  If a witness needs to be accommodated out of order, the Parties shall alert the court of the instance during the morning conference.  Bench conferences are strongly discouraged; matters should be addressed in the morning conference, during the morning or afternoon break, or after the conclusion of the trial day.

11.    <u>Additional questions.</u>  The court anticipates that counsel may have additional questions or issues not addressed by this Order.  So that all may fully prepare for the Trial Preparation Conference, the Parties shall submit any questions or issues they wish addressed at

the Trial Preparation Conference directly to chambers at Wang_Chambers@cod.uscourts.gov no later than **September 11, 2018**.

DATED:  April 24, 2018                                   BY THE COURT:

                                                         _____
                                                         United States Magistrate Judge