IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01410-NYW

RACHEL KIERNAN,

    Plaintiff,

v.

ALPINE CREDIT, INC.,

    Defendant.

---

**MEMORANDUM OPINION AND ORDER**

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant Alpine Credit, Inc.'s ("Defendant" or "Alpine Credit") Motion for Summary Judgment [#18, filed February 28, 2018]. The Motion is before the court pursuant to the Order of Reference dated July 17, 2017 [#10], 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D.C.COLO.LCivR 72.2. The court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law. For the following reasons, Alpine Credit's Motion for Summary Judgment is **GRANTED**.

**PROCEDURAL BACKGROUND**

    Plaintiff Rachel Kiernan commenced this action on June 9, 2017, asserting one claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, alleging that Alpine Credit has reported to a consumer reporting agency that Plaintiff is delinquent on an account that Plaintiff disputes. [#1]. Plaintiff further alleges that Alpine Credit is operating illegally in violation of 15 U.S.C. § 1692f, and is attempting to collect a debt using false, misleading or deceptive information in violation of 15 U.S.C. §1692e. Plaintiff asserts that

Alpine Credit has violated, at a minimum, 15 U.S.C. §§ 1692e, 1692e(1), 1692e(10), 1692f, 1692f(1). Alpine Credit filed its Answer on June 24, 2017, [#6], and the court subsequently held a Scheduling Conference and set various pretrial dates and deadlines. *See* [#16, #17].

On February 28, 2018, Alpine Credit filed the Motion for Summary Judgment asserting that Plaintiff has not produced her credit report or a copy of her letter of dispute, relevant to her first theory of liability, and that Alpine Credit by contrast has tendered a copy of its Colorado collection agency license, relevant to Plaintiff's second theory of liability. [#18]. In Response, Plaintiff reframes her theories of liability as follows:

> the Defendant is operating illegally pursuant to a cancelled license in violation of 15 U.S.C. §1692f, ¶20 Complaint; the Defendant is attempting to collect a debt using false, misleading or deceptive information in violation of 15 U.S.C. §1692e, ¶22 Complaint; [] the Defendant is attempting to collect any amount not authorized by agreement or permitted by law in violation of 15 U.S.C. §1692f(1), ¶23 Complaint.

[#19 at 1]. Plaintiff appears to concede that Alpine Credit has reported the debt as "disputed," and is operating with a current license. [#19 at 2-3]. Plaintiff contends, however, that Alpine Credit "continues to publish false, deceptive and misleading information (incorrect address and name of actual debt collector) on [her] consumer credit report" and that Alpine Credit fails to address in the Motion for Summary Judgment Plaintiff's allegation that it is "trying to collect an amount greater than that which is authorized by law or by agreement," by attempting to collect interest on the debts. [*Id.* at 2, 4]. Plaintiff then insists that "[w]hether the Defendant is violating 15 U.S.C. § 1692f using false, deceptive or misleading information is disputed and a question of fact."[1] [*Id.* at 2].

In Reply, Alpine Credit argues that Plaintiff's assertions regarding the use of an incorrect

address and name and its attempt to collect interest constitute new theories not pled in the Complaint. [#22]. Alpine Credit also asserts an evidentiary challenge to the exhibit Plaintiff offers in support of her theory regarding Defendant's use of an incorrect address and name. *See* [*id.*] The court held a Final Pretrial Conference and entered a Pretrial Order on April 17, 2018. *See* [#25, #26].

## STANDARD OF REVIEW

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Henderson v. Inter–Chem Coal Co., Inc.,* 41 F.3d 567, 569 (10th Cir. 1994). "A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 248–49; *Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Service,* 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson,* 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec.*

---

[1] Although Plaintiff invokes 15 U.S.C. § 1692f in this statement, it appears from other portions of her Response, and the reading of statute itself, that the more appropriate basis for this theory is 15 U.S.C. § 1692e.

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Service Com*, 391 U.S. 253, 289 (1968)).

When, as here, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 671 (10th Cir. 1998) (citation omitted). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Id.* at 670–71. Once the movant meets this initial burden, the nonmovant assumes the burden to put forth sufficient evidence to demonstrate the essential elements of the claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir. 1999). Conclusory statements based merely on speculation, conjecture, or subjective belief are not competent summary judgment evidence. *See Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of his case or a denial of an opponent's allegation," or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

## MATERIAL FACTS

The Parties assert that the material facts are not disputed. *See* [#18, #19]. Scott Allely, the manager for Alpine Credit, attests that he incorporated Allegiant Receivables Solutions, Inc. ("Allegiant") in April 2015 and obtained for the company a license as a Colorado collection agency. [#18-10 at ¶ 2]; *see* [#18-5 at 1]. In December 2015, Allegiant purchased the assets of Alpine Credit, and Alpine Credit "subsequently dissolved." [#18-10 at ¶ 2]. Alpine Credit was

licensed as a collection agency at the time of the purchase and "had been [licensed] for many years prior to the sale." [*Id.*]; *see* [#18-5 at 2]. In January 2016, Mr. Allely caused a tradename affidavit to be filed with the Colorado Secretary of State making Alpine Credit a tradename of Allegiant. [#18-10 at ¶ 3]. At the time Allegiant purchased Alpine Credit's assets, Alpine Credit was located at 12191 W 64th Ave., Suite 210, Arvada, where it remains located. [*Id.* at ¶ 7]. This location was published on the internet, with telephone providers, and with the post office as Alpine Credit's address. [*Id.*]; *see* [#18-5; #18-6].

Between 2012 and 2014, Plaintiff incurred financial obligations with the original creditors, Radiology Imaging Associates, Inc. and Medical Imaging of Colorado, and those obligations were placed with Allegiant for collection. [#18-10 at ¶¶ 2, 4]. Mr. Allely attests that in January 2016, "within the time provided for by the Administrator of the Colorado Fair Debt Collection Practices Act, he contacted Alpine's clients and resolicited the accounts for Radiology Imaging and Medical Imaging of Colorado as accounts of Allegiant d/b/a Alpine." [*Id.* at ¶ 4]. These accounts resolicited as Allegiant d/b/a Alpine included four belonging to Plaintiff. [*Id.*] Mr. Allely attests that he reviewed the notes kept by Alpine Credit "as part of the assets Allegiant had purchased," and that those notes are "incorporated into those kept by Allegiant on the accounts of the former Alpine Credit." [*Id.* at ¶ 5]; *see* [#18-4]. Mr. Allely also attests that he "reviewed the letters and notices of the former Alpine Credit," and "the validation of debt notices required by federal and Colorado law were sent on [Plaintiff's accounts] within the time frames provided by those laws." [#18-10 at ¶ 6]; *see* [#18-8].

On December 30, 2016, Allegiant received a consumer inquiry from credit reporting agency Equifax concerning Plaintiff's accounts with Medical Imaging of Colorado, asserting that Plaintiff did not recognize the accounts. [#18-10 at ¶ 8]. Mr. Allely attests that the inquiry "did

not indicate that the debt was not owed or was subject to any disagreement," and Allegiant "responded with the information it had as to identification of the consumer who owed the accounts." [*Id.*] Approximately one month later, Allegiant received another consumer inquiry from Equifax concerning Plaintiff's accounts with Radiology Imaging Associates, asserting that Plaintiff did not recognize the accounts. [*Id.* at ¶ 9]. Mr. Allely attests that the inquiry similarly "did not indicate that the debt was not owed or was subject to any agreement," and "Allegiant "responded with the information it had as to identification of the consumer who owed the accounts." [*Id.*] Allegiant received consumer inquiries on February 17, 2017 and again on February 26, 2017 from Equifax concerning Plaintiff's accounts with Medical Imaging of Colorado and Radiology Imaging Associates, asserting identity fraud. [*Id.* at ¶ 10]. Mr. Allely attests that he responded that the accounts were disputed. [*Id.*] He further attests that while "a review of the file showed that the identity of the inquiring party was the same as the identity of Ms. Kiernan by a match of demographic factors," he nonetheless "retained the 'disputed' indication in the accounts' reporting 'flag' field." [*Id.*] On February 26, 2017, Allegiant received a copy of a complaint filed against it by Plaintiff with the Administrator of the Colorado Fair Debt Collection Practices Act. [*Id.* at ¶ 11]; *see* [#18-7]. Mr. Allely attests that upon receipt he "noted the account as 'disputed' for credit reporting purposes," responded to the complaint, and mailed to Plaintiff "a copy of all validation of debt documentation available on each of the four assigned accounts." [#18-10 at ¶ 11]; *see* [#18-8]. On May 9, 2017, the Administrator mailed Plaintiff a letter stating the office had reviewed her complaint against Allegiant Receivables d/b/a Alpine Credit, Inc. and had determined not to take any action at that time. [#18-9].

## ANALYSIS

Plaintiff concedes and the undisputed material facts show that Alpine Credit is licensed as required by law and reported the accounts at issue as disputed. Accordingly, the Motion for Summary Judgment is GRANTED as to these two issues.

The remaining two issues concern Plaintiff's contentions, asserted in the Response, that Alpine Credit violated 15 U.S.C. §1692e by attempting to collect a debt using false, misleading or deceptive information with respect to its mailing address and name, and, in attempting to collect interest, violated 15 U.S.C. §1692f(1) by seeking to collect an amount greater than the amount authorized by law or agreement. Alpine Credit argues on Reply that these allegations are not pled in the Complaint and cannot now be raised as theories of relief. Alpine Credit further argues with respect to the first issue that Plaintiff relies on inadmissible hearsay and thus cannot create a triable issue of fact even if the court finds that she pled the theory in her Complaint. The court agrees with Defendant.

## I. Newly Raised Theories of Liability

The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors…and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Specific to the issues pending before the court, section 1692e states that a debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt, and that the following conduct constitutes a violation:

> (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof…
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed…

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...
>
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization…

15 U.S.C. § 1692e(1), (8), (10), (14).

Section 1692f states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, and that the following conduct constitutes a violation:

> The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

The Federal Rules of Civil Procedure require that a claim for relief contain *inter alia* "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And it is the plaintiff's burden "to provide fair notice of the grounds for the claims made against the [defendant]." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008). The five-page Complaint asserts one cause of action for "violations of the [FDCPA] 15 U.S.C. § 1692 et seq.," and relies on preceding paragraphs for support. Those preceding paragraphs narrowly allege that Alpine Credit attempted to collect on an account reflecting debt that Plaintiff disputes, [#1 at ¶¶ 10-13, 25], Alpine Credit attempted to collect on the accounts without holding a valid license, [*id.* at ¶¶ 19, 20], and Plaintiff was injured as a result of the debt collection endeavors. While the Complaint recites the language of sections 1692e, 1692e(1), 1692e(10) 1692f, and 1692f(1), *see* [*id.* at ¶¶ 22, 23], it does not articulate the theories of liability advanced by Plaintiff in her Response. Indeed, in arguing to the contrary, the Response cites only the paragraphs in the Complaint that quote the language of sections 1692e and 1692f(1). *See* [#19 at 1, 4].

As to the specific issue of using false, misleading or deceptive information, the Complaint asserts that "Defendant is providing false information to a consumer credit reporting agency to attempt to collect an invalid debt." [#1 at ¶ 24]. But Plaintiff does not expound upon this assertion with allegations that Alpine Credit used a different name to collect or published inaccurate mailing addresses. Rather, the assertion appears proximately supported by the factual allegation that Plaintiff "owes no amount to the Defendant," and that Plaintiff "disputed, with Equifax, the information provided by the Defendant." [*Id.* at ¶¶ 24-25]. Plaintiff alleges that she "attempted numerous times to contact the Defendant, by registered mail, to request debt validation pursuant to 15 U.S.C. § 1692g," and that "[e]ach of the attempts to communicate with the Defendant has resulted in the mail sent by the Plaintiff being returned as 'invalid address.'" [*Id.* at ¶¶ 15, 16]. But these allegations fail to alert the reader as to the theory of liability raised in the Response, and they would fail the plausibility test on a Rule 12(b)(6) review. "[A] complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face,'" *Robbins*, 519 F.3d at 1247 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and the pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). And, with respect to a section 1692e claim, "an FDCPA plaintiff bears the burden of proving that [] a false statement would mislead or deceive the unsophisticated consumer." *Scribner v. Works & Lentz, Inc.*, No. 14–CV–177–JHP–PJC, 2015 WL 1298645, at *6 (N.D. Okla. Mar. 23, 2015) (quoting *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009) ("[An FDCPA plaintiff] could not prevail in the district court simply by proving that statements in the notice were false. Whether they were false or not, she had to prove that an unsophisticated consumer would be deceived or misled by them.")). There are no allegations in

the Complaint that give notice to Defendant that Plaintiff believed that any misstatement about Defendant's name or address misleads or deceives the unsophisticated consumer. *See generally* [#1]. Furthermore, Plaintiff fails to identify in the Complaint the very subsection that applies to the theory asserted in the Response, i.e., subsections (8) and (14). Rather, the Complaint cites only subsections (1) and (10), which pertain to Plaintiff's theories that Alpine Credit was acting without a proper license and failing to communicate that the debt was disputed. *See* [#1 at ¶ 27]. And Plaintiff's attempt to sweep in unidentified sections of the law with use of the catch-all phrase "among other sections of the FDCPA," is insufficient. Indeed, Alpine Credit asserts on Reply that it was aware "from other matters that a mailing from the Plaintiff, intended for the Defendant, was returned undeliverable, but could not have been on notice that it was alleged that Defendant itself was being held liable for such a misrepresentation, in face of the other theory specifically pled." [#22 at 4]. If Plaintiff had wished to allege that Alpine Credit violated 15 U.S.C. § 1692e(8) and/or (14) by using an incorrect name and/or an incorrect mailing address, she could and should have articulated as much in the Complaint—particularly given that she has been represented by counsel at all times during this action. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself"); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that the court has no obligation to make arguments or perform research on behalf of litigants).

As to the issue of improperly attempting to collect interest, the Complaint mentions "interest" only once, and not in relation to the alleged violation of section 1692f(1), but in the Prayer for Relief where Plaintiff asks for prejudgment interest. *See generally* [#1]. And while the Complaint identifies the subsection that applies to the theory asserted in the Response,

10

subsection (1), there is simply no allegation in the Complaint that reflects Plaintiff's theory that Alpine Credit sought to collect an amount greater than that which was authorized by law or agreement.

The Federal Rules of Civil Procedure and interpreting case law do not support finding that the bare recitation of law in a complaint is sufficient for the purposes of pleading a claim or theory of liability. A complaint must provide more than "naked assertion[s] devoid of further factual enhancement," and conclusory statements, threadbare recitals of elements, and legal conclusions are not entitled to a presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Most of all, the pleading must "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Twombly*, 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The Complaint simply does not provide notice of Plaintiff's theory that Alpine Credit attempted to collect a debt using a false or misleading business name and mailing address, or that Alpine Credit impermissibly attempted to collect interest on the accounts.[2] Therefore, I agree with Defendant and find that Plaintiff cannot create a triable issue by reference to theories not affirmatively raised in the operative pleading.

**II.     Evidentiary Challenge**

Finally, the undersigned finds that even if the court could read the Complaint as alleging that Alpine Credit attempted to collect a debt through the use of false, misleading or deceptive information with respect to the use of an incorrect name and mailing address, the document Plaintiff offers for support is insufficient to create a triable fact. Attached to the Response is a one-page document offered as "a copy of the Plaintiff's Equifax consumer credit report dated

---

[2] The court also notes that Plaintiff never sought to amend her Complaint, and the court-ordered deadline for amendment of pleadings and joinder of parties passed on September 8, 2017. *See* [#16; #17].

March 20, 2018." [#19 at 2 (citing [#19-1])]. Plaintiff refers to the document as evidence that Alpine Credit "is still indicating that the alleged debt is still be reported by Alpine Credit, Inc. [sic] with an address of 2009 Wadsworth Blvd Ste 205, Lakewood, CO 80215." [*Id.* at 2]. In its Reply, Defendant asserts that Plaintiff disclosed no documents as part of her Rule 26(a)(1) disclosures, and thus disclosed no credit report, *see* [#18-1], and furthermore failed to disclose a witness from Equifax or produce her own affidavit authenticating the exhibit or attesting to the factual allegations supporting the theory that Defendant collected a debt with the incorrect name and mailing address. [#22 at 3]. Because I find that Plaintiff's exhibit is untimely disclosed, I do not reach the question of whether the document constitutes inadmissible hearsay.

As Defendant argues, accepting the exhibit at this juncture for the purpose of denying summary judgment would contravene both the Federal Rules of Civil Procedure and the court's Practice Standards. Rule 26(a)(1)(A)(ii) requires disclosure of "a copy ... of all documents ... that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1)(A) requires a party to supplement its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Rule 37(c) instructs that if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). I do not find that Plaintiff's failure to produce the excerpt of the purported Equifax credit report prior to responding to the Motion for Summary Judgment is harmless, and she has not sought to file a surreply or any other document endeavoring to explain why the failure to timely disclose is substantially justified. *Cf. Hollis v. Stephen Bruce & Associates*, No. CIV-07-

131-C, 2008 WL 4570490, at *2 (W.D. Okla. Oct. 8, 2008) (precluding use of plaintiff's credit report in response to motion for summary judgment: "The credit reports filed by Plaintiff should have been provided to Defendants as part of Plaintiff's initial disclosures, and if they were not obtained until after such disclosures were made, Plaintiff should have supplemented his disclosures with the new information... The Court does not find that this failure was substantially justified because of the relative ease of obtaining a credit report. Nor does the Court find that this failure was harmless, since this information is central to Plaintiff's claims"). This court also advises in its Practice Standards that "[e]xhibits not properly disclosed may not be considered by the court." NYW Civ. Practice Standard 18.1.[3]

In Reply, Alpine Credit offers the affidavit of Thomas F. Romola, who served as the president of Alpine Credit up until its sale to Allegiant in December 2015, and who attests to the following: in 2013, Alpine moved to the address of 12191 W 64th Ave., Suite 210, Arvada; upon the move to 12191 W 64th Ave., "he informed the agency's vendors, including all credit reporting agencies, of the new address"; since that time, he is aware that Alpine has received at the 12191 W 64th Ave. address correspondence regarding credit reporting issues; and he has not "been informed that any credit reporting agency was listing or giving consumers any address other than the updated one for the agency." [#22-1]. This evidence is corroborated by Defendant's exhibits offered in support of the Motion, namely the license issued by the Colorado Collection Agency Board, [#18-3], a copy of Administrator Listings of licensed collection

---

[3] Having so found, this court declines to address whether the document is admissible under the Federal Rules of Evidence. Those Rules preclude the admission of hearsay, which they define as a statement, including written assertions, that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(a),(c), 802. Because Plaintiff did not seek to address the issue of admissibility first raised in the Reply, i.e., through seeking leave to file a sur-

agencies, [#18-4], and a printout from the Secretary of State website, [#18-6]. In responding to the Motion for Summary Judgment, Plaintiff must introduce evidence by affidavit or otherwise demonstrating a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(c)(1)(A). Plaintiff has not carried this burden. Plaintiff has failed to adduce sufficient evidence in her Response that would establish that Defendant's misstatement about its name or address would mislead or deceive the unsophisticated consumer. Indeed, Plaintiff offers only attorney argument and fails to even proffer her own sworn declaration. Accordingly, even if she had raised the specific theory of use of an inaccurate name and mailing address in her Complaint, I find under Rule 56(e) that Plaintiff has failed to properly support her assertion of fact that Alpine Credit violated (any subsection of) 15 U.S.C. § 1692e by using and/or reporting an incorrect name and mailing address.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

1. Defendant Alpine Credit, Inc.'s Motion for Summary Judgment [#18] is **GRANTED**;
2. The Clerk is **DIRECTED** to enter judgment as to Defendant; and
3. The Trial Preparation Conference set for September 18, 2018 and the Jury Trial set to commence September 24, 2018 are **VACATED**.

DATED: May 23, 2018            BY THE COURT:

_____
United States Magistrate Judge

---

reply, it is unclear whether the document is in fact hearsay, or whether an exception to the hearsay rule might apply.